## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ANTONY RICHBURG,

    Plaintiff,

v.

                                  CASE NO:

PF PALM COAST, LLC
A/K/A PLANET FITNESS,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, Antony Richburg, by and through his undersigned counsel, and, by way of this Complaint, seeks relief against Defendant, PF Palm Coast, LLC aka Planet Fitness ("Defendant" or "Planet Fitness"), for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Florida Civil Rights Act of 1992, Florida Statute §§ 760.01 *et. seq.* (the "FCRA"), and 42 U.S.C. § 1981 ("Section 1981"). In support thereof, Plaintiff states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Antony Richburg ("Plaintiff" or "Mr. Richburg"), is an adult male citizen and resident of the City of Palm Coast, Florida. At all times relevant herein, Plaintiff worked for Defendant in the City of Palm Coast, Florida.

2. Defendant is a foreign corporation, which has its headquarters in New Hampshire and conducts business in the City of Palm Coast, Flagler County, Florida. Defendant is, and has been, a covered employer within the meaning of Title VII and the FCRA.

3. Plaintiff was a covered employee of Defendant within the meaning of Title VII and the FCRA at all times relevant herein.

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 1367, 42 U.S.C. § 2000e(5)(f)(3), and 42 U.S.C. § 1988(a).

5. A substantial part of the acts complained of herein occurred in Flagler County, Florida. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

6. Mr. Richburg's race is Black and he is African American.

7. In approximately early fall 2021, Defendant hired Mr. Richburg to work as a personal trainer at Defendant's Planet Fitness location in the City of Palm Coast, Florida ("Work Location").

8. At all times relevant herein, Mr. Richburg was the only African American trainer working at the Work Location, which had a predominantly non-Black staff during the hours Plaintiff worked.

9. At all times relevant herein, Mr. Richburg was experienced in the field of personal training, holding various certificates and having experience with private clients.

10. At all times relevant herein, Mr. Richburg worked in a professional and competent manner at Planet Fitness.

11. Despite performing successfully in his role, Mr. Richburg experienced derogatory comments concerning his race from customers, who were predominantly white, as well as employees of Defendant. For example, a white customer at the Work Location would repeatedly comment about Mr. Richburg's hair, stating he could get a haircut with a "machete." Mr. Richburg believed in good faith that the remark was discriminatory on account of race and complained to his supervisor, Judy Bashaw.

12. Mr. Richburg's supervisor, Ms. Bashaw, is white. Ms. Bashaw would make comments to Mr. Richburg that he believed in good faith were discriminatory

on account of his race. For example, Ms. Bashaw told Mr. Richburg on more than one occasion that she did not like "people like you." Mr. Richburg told Ms. Bashaw he believed the remark was offensive and discriminatory and also complained about the remark to Ms. Bashaw's supervisor, Mr. Terrance Robertson. Additionally, Mr. Richburg spoke with Defendant's human resources representative Coleen Petty and objected to Ms. Bashaw's statement about him.  Neither Mr. Robertson nor Ms. Petty worked at the Work Location.

13. During Mr. Richburg's employment with Defendant, Ms. Bashaw directed Mr. Richburg to clean a urinal in a restroom by hand. White colleagues did not have to do such work and Mr. Richburg believed that the direction by Ms. Bashaw was on account of his race. Mr. Richburg complained to Ms. Bashaw, Mr. Robertson and Ms. Petty about this discriminatory behavior by Ms. Bashaw.

14. During times when Mr. Richburg was instructing training classes with customers of color or from different countries, certain white customers would come into the area of the class as if to intentionally disrupt the class.  Mr. Richburg complained about this behavior to Ms. Bashaw and other management stating he felt it was discriminatory.  However, neither Ms. Bashaw nor other management of Defendant stopped such behavior.  Instead, aggressive behavior by Ms. Bashaw increased.

15. On or about June 7, 2022, Mr. Richburg upon leaving the breakroom at work was aggressively grabbed by Ms. Bashaw on his left arm. Mr. Richburg had been requesting a filing cabinet to keep customer files for months due to privacy reasons and Ms. Bashaw seemed angry at having provided the cabinet requested. Mr. Richburg reported the battery to Ms. Petty of Human Resources and to Ms. Bashaw's supervisor, Mr. Robertson. Additionally, Mr. Richburg spoke with Ms. Bashaw about the improper behavior she engaged in by grabbing Mr. Richburg. Despite his reports to Defendant, Mr. Richburg was not aware of any action taken by Defendant to address Ms. Bashaw's behavior directed at Mr. Richburg.

16. Defendant's employees' behavior directed towards Plaintiff was discriminatory and harassing on account of his race. Defendant did not undertake action to correct the hostile work environment created by these comments, thereby ratifying and condoning the employees' discriminatory conduct.

17. Defendant's supervisor, Ms. Bashaw, and customers at the Work Location made political comments in Mr. Richburg's presence that Plaintiff found offensive on account of race, and reported such behavior to management. However, Defendant failed to take action to correct such behavior or discipline Ms. Bashaw for such behavior.

18. In August 2022, Defendant began shifting class schedules so that Mr. Richburg would not be able to teach.

19. Mr. Richburg spoke with his manager, Ms. Bashaw, and with Ms. Bashaw's supervisor, Mr. Roberston, about class schedules being altered in a manner that diverged from Mr. Richburg's schedule.

20. In or about October 2022, the work environment for Plaintiff became more intolerable. Mr. Richburg had acquired more people of color in his classes at the Work Location. However, with more people of ethnic backgrounds and color in his class, some white customers began to interrupt classes with loud cursing and yelling at Plaintiff for using the classroom. Mr. Richburg reported these issues and his belief that they had to do with the composition of those taking his class to Ms. Bashaw and Ms. Petty of Defendant's HR. However, Mr. Richburg was investigated and suspended me with pay after reporting these issues.

21. In or around mid-November 2022, Mr. Richburg was working with a customer at the Work Location seeking a consultation. The customer told Mr. Richburg that she was having trouble hearing Mr. Richburg so Mr. Richburg asked an assistant manager, "Sal," a white male new to the location, to assist him with the customer. Sal then told Mr. Richburg that he would not assist and then told the customer that Defendant "was trying to get rid of" Mr. Richburg. When Mr. Richburg told Sal he should not have stated that to the customer Sal stated he just did and started cursing at Mr. Richburg, screaming at Mr. Richburg to "get the fuck out of his gym."

22. Mr. Richburg never directly or indirectly invited or solicited these kinds of offensive comments from his non-Black managers or customers. Further, Mr. Richburg never gave any indication that he welcomed or supported these offensive comments.

23. Defendant knew or reasonably should have known its employees and customers were making offensive statements in the workplace. Supervisors engaged in the offensive discriminatory behavior and supervisors failed to take remedial action to address these racially discriminatory, offensive comments that permeated Defendant's workplace.

24. The hostile work environment created by Defendant's the offensive comments and behavior in the Work Location was severe, pervasive, humiliating, and unreasonably interfered with Mr. Richburg's work environment.

25. In December 2022, Defendant terminated Mr. Richburg's employment.

26. Defendant at termination attempted to have Mr. Richburg sign a release agreement, but Plaintiff refused.

27. Defendant did not terminate any of the similarly situated, white employees who were engaged in offensive behavior at the Work Location.

28. On information and belief, Defendant terminated Mr. Richburg on account of his race.

## ADMINISTRATIVE PREREQUISITES

29. Plaintiff timely dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") for discrimination (referred to herein as the "Charge").

30. On July 5, 2023, the EEOC issued and mailed a Notice of Right-to-Sue to Plaintiff. Plaintiff has filed this Complaint within 90 days of his receipt of the Notice of Right to Sue.

31. All administrative prerequisites, if any, have been met for each claim brought in this Complaint, and each such claim is timely brought.

## COUNT I
### (Claims Against Defendant for Violation of 42 U.S.C. § 1981 – Race Discrimination)

32. Plaintiff hereby incorporates and re-alleges by reference herein the allegations in Paragraphs 1 - 28 above as though set forth fully herein.

33. Plaintiff is African American and was employed by Defendant during the time period relevant herein.

34. During Plaintiff's employment, Defendant, by and through their owner, agents, officials and/or employees, unlawfully discriminated against Plaintiff because of his race, in violation of 42 U.S.C. § 1981, by, among other ways, subjecting Plaintiff to disparate terms and conditions of employment and adversely

affecting Plaintiff's working conditions by, among other ways, harassing behavior on account of Plaintiff's race, and failing to take prompt remedial action to stop the racially based discriminatory treatment to which Plaintiff was subjected.

35. In addition, Defendant terminated Plaintiff's employment because of his race, in violation of 42 U.S.C. § 1981.

36. Plaintiff was injured and negatively affected because of this discriminatory work environment, and because of his discriminatory termination.

37. The acts and omissions committed by Defendant and their owners, agents, officials and/or employees were willful, wanton, intentional, conscious and malicious and in deliberate disregard of Plaintiff's civil rights.

38. As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost wages, benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory, consequential and punitive damages against Defendant.

## COUNT II
**(Claim Against Defendant for Violation of Title VII (42 U.S.C. §§ 2000e *et seq.*)**

39. Plaintiff incorporates by reference herein and realleges the allegations in Paragraphs 1 – 31 above as though set forth fully herein.

40. During Plaintiff's employment, Defendant, by and through its owner, agents, officials and/or employees, unlawfully discriminated against Plaintiff because of his race, in violation of Title VII, by, among other ways, subjecting Plaintiff to disparate terms and conditions of employment and adversely affecting Plaintiff's working conditions by, among other ways, harassing behavior on account of Plaintiff's race, failing to provide support in Plaintiff's career development given to similarly situated, non-Black employees; and failing to take prompt remedial action to stop the racially based discriminatory treatment to which Plaintiff was being subjected.

41. By and through these actions, Defendant created and permitted its owner, agents, officials and/or employees to create and maintain a hostile work environment on the basis of Plaintiff's race.

42. Defendant knew or reasonably should have known of the hostile work environment and failed to take prompt remedial action to correct it.

43. In addition, Defendant terminated Plaintiff's employment because of his race, in violation of Title VII.

44. The acts and omissions committed by Defendant were willful, malicious and in reckless disregard of Plaintiff's federally protected civil rights.

45. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and

entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, and compensatory damages against Defendant.

## COUNT III
### (Claim Against Defendant for Violation of Florida Civil Rights Act (Fla. Stat. § 760.01 *et seq.*) – Race Discrimination)

46. Plaintiff incorporates by reference herein and realleges the allegations in Paragraphs 1 – 31 above as though set forth fully herein.

47. During Plaintiff's employment, Defendant by and through its owner, agents, officials and/or employees, unlawfully discriminated against Plaintiff because of his race, in violation of the FCRA, by, among other ways, subjecting Plaintiff to disparate terms and conditions of employment and adversely affecting Plaintiff's working conditions by, among other ways, harassing behavior on account of Plaintiff's race, and failing to take prompt remedial action to stop the racially based discriminatory treatment to which Plaintiff was being subjected.

48. In addition, Defendant terminated Plaintiff's employment because of his race, in violation of the FCRA.

49. Plaintiff was injured and negatively affected because of this discriminatory work environment and because of his discriminatory termination.

50. The acts and omissions committed by Defendant were willful, wanton, intentional, conscious and malicious and in deliberate disregard of Plaintiff's civil rights.

51. As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost wages, benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, compensatory, consequential and punitive damages against Defendant.

## COUNT IV
### (Violation Of Title VII- Retaliation)

52. Plaintiff restates and realleges each and every factual allegation contained in Paragraphs 1-31 above as though set forth fully herein.

53. Plaintiff Richburg engaged in protected activity by objecting to race discrimination in the Work Location to his supervisor, other management and Defendant's human resources representatives. At all times relevant herein, Plaintiff Richburg held a reasonable good faith belief that his treatment in the workplace by Defendant was discriminatory conduct on account of his race.

54. After Plaintiff Richburg engaged in protected activity, and because of engagement in that activity, Defendant took adverse action against the Plaintiff in violation of Title VII by, *inter alia*, terminating Plaintiff from his employment, unfairly disciplining Plaintiff, scrutinizing Plaintiff's work differently from other

employees, and harassing Plaintiff.

55. The acts and omissions committed by Defendant directed at Plaintiff were willful, malicious and in reckless disregard of Plaintiff's federally protected civil rights.

56. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, and compensatory and punitive damages against Defendant.

## COUNT V
### (Violation Of Florida Civil Rights Act Of 1992, Fla. Stat. §§ *760 et seq*.- Retaliation)

57. Plaintiff restates and realleges each and every factual allegation contained in Paragraphs 1-31 above as though set forth fully herein.

58. Plaintiff Richburg engaged in protected activity by objecting to race discrimination in Defendant's Work Location, including complaints to Defendant's representatives who were also otherwise informed of Plaintiff's complaints of discrimination. At all times relevant herein, Plaintiff Richburg held a reasonable good faith belief that his treatment in the workplace by Defendant was discriminatory conduct on account of his race.

59. After Plaintiff Richburg engaged in protected activity, and because of his engagement in that activity, Defendant took adverse action against the Plaintiff in violation of the FCRA by, *inter alia*, terminating his employment, unfairly disciplining Plaintiff, scrutinizing Plaintiff's work differently from other employees, and harassing Plaintiff.

60. The acts and omissions committed by Defendant directed at Plaintiff were willful, malicious and in reckless disregard of Plaintiff's federally protected civil rights.

61. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, and compensatory and punitive damages against Defendant.

## COUNT VI
### (Violation of 42 U.S.C. § 1981 – Retaliation)

62. Plaintiff restates and realleges each and every factual allegation contained in paragraphs 1-28 above as though set forth fully herein.

63. Plaintiff Richburg engaged in protected activity by objecting to race discrimination in the workplace at the Work Location, including complaints to Defendant's management and human resources representatives who were also

otherwise informed of Plaintiff's complaints of discrimination. At all times relevant herein, Plaintiff Richburg held a reasonable good faith belief that his treatment in the workplace by Defendant was discriminatory conduct on account of his race.

64. After Plaintiff Richburg engaged in protected activity, and because of his engagement in that activity, Defendant took adverse action against the Plaintiff in violation of 42 U.S.C. § 1981 by, *inter alia*, terminating Plaintiff from his employment, unfairly disciplining Plaintiff, scrutinizing Plaintiff's work differently from other employees, and harassing Plaintiff.

65. The acts and omissions committed by Defendant directed at Plaintiff were willful, malicious and in reckless disregard of Plaintiff's federally protected civil rights.

66. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, back pay, lost benefits, front pay, and compensatory and punitive damages against Defendant.

**WHEREFORE**, Plaintiff, Antony Richburg, respectfully requests that this Honorable Court grant the following relief:

(a) Enter judgment on behalf of Plaintiff and against Defendant on all counts;

(b) Award Plaintiff back pay including lost benefits and front pay under Section 1981, Title VII, and the FCRA;

(c) Award Plaintiff compensatory damages under Section 1981, Title VII, and the FCRA in an amount to be determined by the jury;

(d) Order Defendant to reinstate Plaintiff and other declaratory relief;

(e) Award Plaintiff punitive damages for Defendant's willful violations of Section 1981, Title VII, and the FCRA;

(f) Award Plaintiff reasonable attorneys' fees, court costs, expenses, pre-judgment interest, and post-judgment interest; and

(g) Such other or further relief as the Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

Dated: October 3, 2023

Respectfully Submitted,

*/s/Neil L. Henrichsen*
Neil Henrichsen
Fla. Bar No. 0111503
HENRICHSEN LAW GROUP, PLLC
301 W. Bay St., 14th Floor
Jacksonville, FL 32202
(904) 381-8183
(904) 212-2800 (Facsimile)

nhenrichsen@hslawyers.com
service@hslawyers.com